UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
| Title | *Jacques Kurdian v. Mercedes Benz USA LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [16]

## I.   Introduction

Before the Court is a motion for attorney's fees brought by plaintiff Jacques Kurdian ("Kurdian" or "Plaintiff"). Plaintiff's Motion for Attorney's Fees ("Motion"), ECF No. 16. For the following reasons, the motion is GRANTED in part.

## II.   Factual and Procedural Background

This is a lemon law case concerning a 2022 Mercedes-Benz EQS450V ("Vehicle") leased by Plaintiff Jacques Kurdian ("Plaintiff") in January 2022. Complaint, ECF No. 1-1 ("Compl.") ¶¶ 1, 5. After discovering a variety of alleged defects in the Vehicle, Plaintiff sued Defendant Mercedes-Benz USA, LLC and Defendant First Motor Group of Encino LLC (collectively, "Defendants") in state court. Compl. Plaintiff brought claims of fraud and deceit, negligence, strict liability, breach of written warranty and implied warranty under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*), breach of written and implied warranty under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790, *et seq.*), and violations of California's unfair competition law (Cal. Bus. & Prof. Code § 17200, *et seq.*) and California's false advertising law (*id.* § 17500, *et seq.*). (*See generally id.*).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
|---|---|---|---|
| Title | Jacques Kurdian v. Mercedes Benz USA LLC et al | | |

Defendants removed the action to this Court on January 29, 2024. Notice of Removal, ECF No. 1. Shortly thereafter, and before Defendants filed any responsive pleadings, the parties filed a Joint Notice of Settlement pursuant to Federal Rule of Civil Procedure 68 on February 28, 2024. Joint Notice of Settlement, ECF No. 11. Though the parties attempted to resolve the issue of fees and costs themselves, they ultimately required Court intervention. Status Report, ECF No. 14. Plaintiff filed the instant Motion requesting a total of $65,325 in fees and indicated that he would additionally file an Application to the Clerk to Tax Costs requesting a total of $3,946 in costs. Motion. Plaintiff has still not filed the application for costs. Defendants oppose the Motion and request that Plaintiff's fee award be dramatically reduced because much of the time alleged to have been expended is clerical in nature or duplicative. Opposition to Motion, ECF No. 17 ("Opp."), at 10-14; Ex. E.

Plaintiff argues that $65,325 in fees is warranted in this case by calculating 67 hours of work at an hourly rate of $650 with the application of a lodestar multiplier of 1.5, also including $1,389 in assistant's fees. Motion at 8. Plaintiff also seeks costs in the amount of $3,946. *Id*. Defendants argue that Plaintiff's counsel's fees should not exceed $4,912.50, the amount "reasonably incurred" up to the date of the Rule 68 offer, using an hourly rate of $375. Opp. at 15.

### III. Discussion

The Court awards Plaintiff's counsel $9,262.50 in fees, for the reasons set forth below.

   A.   **Fees Under California's Song-Beverly Act**

California's Song-Beverly Act authorizes an award of costs and expenses to prevailing plaintiffs. Cal. Civ. Code § 1794(d). A plaintiff may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id*. "The 'prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount.'" *Hambardzumyan v. Mercedes-Benz USA, LLC*, No. 2:23-cv- 05311-SPG-SK, 2024 WL 3298430, at *2 (C.D. Cal. May 6, 2024) (quoting *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019)) (cleaned up).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
|---|---|---|---|
| Title | *Jacques Kurdian v. Mercedes Benz USA LLC et al* | | |

District courts have broad discretion to determine a reasonable fee award. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (affording the district court "considerable deference"). "The fee setting inquiry in California ordinarily begins with the 'lodestar,' *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate." *Matevosyan v. Mercedes-Benz USA, LLC*, No CV 22-4679-MWF-JEMx, 2023 WL 8125448, at *1 (C.D. Cal. July 10, 2023) (citing *PLCM Grp. V. Drexler*, 22 Cal. 4th 1084, 1095 (2000)).

**B.   Counsel's Hourly Rate**

The Court finds that a reasonable rate for Plaintiff's counsel, Hovanes Margarian, is $375 per hour. The first step in calculating the lodestar is to determine a reasonable hourly rate. "The 'prevailing market rates in the relevant community' sets the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The "relevant community" is generally "'the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (internal quotation marks omitted). "The Court can also rely on other court decisions analyzing the same attorneys' rates to determine whether the prevailing party requests a reasonable rate." *Olague v. Ford Motor Co.*, No. 5:18-cv-02215-MCS-KKx, 2021 WL 9095731, at *2 (C.D. Cal. June 29, 2021). Here, Plaintiff initially requested that the Court find his reasonable hourly rate to be $650 per hour. In reviewing recent Central District of California decisions analyzing Plaintiff's counsel's reasonable rate, the Court finds that the $375 amount proposed in Defendants' Opposition is more in line with the prevailing market rates than the $650 hourly rate originally requested. *See Bogdanovskiy v. Mercedes-Benz USA, LLC et al*, No. 2:23-cv-05312-AB-MAR (C.D. Cal. Jan. 12. 2024) (finding that an hourly rate of $375 was appropriate for Plaintiff's same counsel); *Di Gioia v. Ford Motor Co.*, No. EDCV 18-1724 JGB (KKX), 2020 WL 1955311 (C.D. Cal. Apr. 1, 2020) (finding hourly rate of $325 appropriate in similar case with different counsel); *Arias v. Ford Motor Company*, No. 5:18-cv-01928-PSG-SP (C.D. Cal. Jan. 27, 2020) (finding hourly rate of $325 appropriate in similar case with different counsel). The lodestar will accordingly be calculated with a rate of $375 per hour for Plaintiff's counsel.

:
_____   _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
|---|---|---|---|
| Title | *Jacques Kurdian v. Mercedes Benz USA LLC et al* | | |

### C.   Hours Expended on the Action

A reasonable number of hours expended in this action, the Court finds, is 24.7.[1] Because the prevailing party has a burden to show the fees were reasonably incurred, a court may not "rubber stamp" a fee request, but rather "must determine the number of hours *reasonably* expended." *Donahue v. Donahue*, 182 Cal. App. 4th 259, 271 (2010) (emphasis in original). Courts have held that clerical tasks are not reasonably billed at a partner's hourly rate but "instead are typically subsumed in overhead." *Matevosyan*, 2023 WL 8125448, at *2 (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). Here, Plaintiff seeks to recover fees for 67 hours. The Court agrees with Defendant, however, that much of the time Plaintiff expended was clerical in nature or duplicative. The Court accordingly omits from the fee award the following portions of time that the Court finds were not reasonably expended:

1. Clerical Work, including many entries identified by Defendant for tasks like collecting and organizing documents in the attorney's own files—tasks that are ordinarily performed by an assistant. (*See, e.g.*, Opp. at Ex. E, pages 2, 242).                                         9.7 hours

2. Tasks Plaintiff's counsel took an inordinately long time to complete, in this Court's view, especially where many lemon law filings are form pleadings. (*See, e.g., id.* at Ex. E, page 6 (over two and a half hours to draft a form complaint)).                                         20.7 hours

3. Block billing or vague entries that obscure whether the time spent on each task was reasonable. (*See, e.g., id.* at Ex. E, page 28 (time entry for "Communicat[ion] with my team re: the specifics of the case and steps to be taken at different stages of litigation.") and page 33 (time entry for                                         11.9 hours

---

[1] Plaintiff's counsel also sought to recover his assistant's fees in the amount of $150 per hour for 9.26 hours, i.e. $1,389. Margarian Decl., ECF No. 16–1 ¶ 10 ("My assistant...whose hourly rate is $150, expended 9.26 hours working on this matter"). "It is well established that a plaintiff may not recover fees for time spent on purely clerical work." *Zargarian v. BMW of N. Am. LLC*, 442 F. Supp. 3d 1216, 1229 (C.D. Cal. 2020). The Court accordingly will omit from the lodestar all 9.26 hours billed by Plaintiff's counsel's assistant. *See also Hambardzumyan*, 2024 WL 3298430, at *2 (declining to award fees requested to compensate Plaintiff's counsel's assistant).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
|---|---|---|---|
| Title | *Jacques Kurdian v. Mercedes Benz USA LLC et al* | | |

"Confidential/Attorney-Client Privilege"))

Subtracting the omitted time leaves 24.7 hours of reasonable time expended for purposes of the lodestar. 24.7 hours times the hourly rate of $515 that this Court deemed reasonable for Plaintiff's counsel leads to a presumptively reasonable lodestar figure of $9,262.50.

### D.  Lodestar Multiplier

Plaintiff requested a lodestar multiplier of 1.5. Plaintiff in part argued that the contingent nature of this case warrants a multiplier. Motion at 21-25. The mandatory fee-shifting nature of the Song-Beverly Act, however, undermines Plaintiff's argument that a multiplier is warranted. *See id.* at 23-24 (describing the "risk factor" in lemon law cases). The Court finds that no multiplier of the lodestar is warranted here. *See Hambardzumyan*, 2024 WL 3298430, at *6 ("Because the lodestar is presumptively the reasonable fee amount, and no factor strongly favors increasing the lodestar amount, the Court finds the lodestar amount awarded appropriate here and declines to apply a multiplier.").

### E.  Costs Application

Despite indicating in the Motion he would do so, Plaintiff has yet to file a costs application, and so the Court has no basis upon which to grant or deny costs on this motion. As a preliminary matter, however, the Court notes that the likely bulk of Plaintiff's requested costs, the fee for retainer of an expert, would be unwarranted here. The Song-Beverly Act permits prevailing plaintiffs to recover costs "reasonably incurred by the buyer in connection with the commencement and prosecution" of their lawsuit. Cal. Civ. Code § 1794; *see, e.g., Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995). Given the procedural posture of this case, and how it settled relatively early, the Court cannot conclude that any expert retention fee was "reasonably incurred" within the meaning of the Song-Beverly Act. Upon an application for costs, the Court would accordingly limit Plaintiff's recoverable costs to any fees incurred for filing and other costs reasonably incurred. As Plaintiff has neglected to file a costs application, however, this Court cannot grant any costs in this order.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00785-SVW-RAO | Date | November 6, 2024 |
|---|---|---|---|
| Title | *Jacques Kurdian v. Mercedes Benz USA LLC et al* | | |

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees is GRANTED in part. Plaintiff shall collect $9,262.50 in fees.

**IT IS SO ORDERED.**

:

Initials of Preparer

PMC
